# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON GRANT JONES, : | |
|     Petitioner : | |
| : | No. 1:19-cv-1519 |
| v. : | |
| : | (Judge Kane) |
| HOWARD L. HUFFORD, : | |
|     Respondent : | |

## MEMORANDUM

**I.  BACKGROUND**

On August 29, 2019, pro se Petitioner Jason Grant Jones ("Petitioner"), who is presently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a memorandum in support thereof (Doc. No. 2).  In an administrative Order dated September 4, 2019, the Court directed Petitioner either to pay the requisite filing fee or file a completed motion for leave to proceed in forma pauperis within thirty (30) days.  (Doc. No. 4.)  On September 16, 2019, Petitioner paid the requisite filing fee.

Petitioner challenges the 240-month sentence imposed on him in 2007 by the United States District Court for the Middle District of Tennessee after he pled guilty to possession with intent to distribute more than fifty (50) grams of methamphetamine.  (Doc. Nos. 1, 2 at 2-3); see United States v. Jones, 296 F. App'x 473, 474 (6th Cir. 2008).  Prior to Petitioner's sentencing, the Government filed an information alleging prior convictions pursuant to 21 U.S.C. § 851, noting that Petitioner had been previously convicted of a felony drug offense and that such prior conviction enhanced his sentence such that Petitioner faced a minimum of not less than twenty (20) years and not more than life imprisonment.  See United States v. Jones, No. 3:05-cr-184 (M.D.

Tenn.) (Doc. No. 31). Petitioner appealed, challenging the Middle District of Tennessee's denial of his motion to suppress. See Jones, 296 F. App'x at 474. In 2008, the United States Court of Appeals for the Sixth Circuit affirmed the denial of the suppression motion. See id. at 475. Petitioner subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the Middle District of Tennessee dismissed as untimely. See Jones v. United States, No. 3:10-0402, 2010 WL 3893835, at *4 (M.D. Tenn. Sept. 30, 2010). Petitioner subsequently filed a letter request seeking a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines,[1] which the Middle District of Tennessee denied. See Jones, No. 3:05-cr-184 (M.D. Tenn.) (Doc. No. 82).

In his § 2241 petition, Petitioner asserts that, pursuant to the Supreme Court's decisions in Mathis v. United States, 136 S. Ct. 2243 (2016),[2] Descamps v. United States, 570 U.S. 254 (2013),[3] and the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011),[4] his sentence enhancement under 21 U.S.C. § 851 is

---

[1] Amendment 782 "reduced the offense levels assigned to drug quantities in the § 2D1.1 Drug Quantity Table by two levels." See United States v. Freeman, No. 18-3643, 2019 WL 3035576, at *1 (3d Cir. July 11, 2019).

[2] In Mathis, the Supreme Court concluded that "a state crime cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense." See Mathis, 136 S. Ct. at 2251.

[3] In Descamps, the Supreme Court held that courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements. See Descamps, 570 U.S. at 258.

[4] In Simmons, the Fourth Circuit addressed the method used for determining whether a prior conviction is a felony conviction punishable by a term of more than one (1) year. See Simmons, 649 F.3d at 243-45. The Fourth Circuit concluded that "if a particular defendant could not have received a sentence in excess of twelve months for his [state] conviction, the government cannot use it as a predicate for federal sentencing enhancement purposes." See United States v. Copeland, 707 F.3d 522, 526 (4th Cir. 2013) (quoting Simmons, 649 F.3d at 239-40, 249).

2

"null and void." (Doc. No. 1 at 6-7.) In support of his argument, Petitioner maintains that his prior felony drug offense no longer qualifies as a predicate offense for purposes of § 851. (Doc. No. 2 at 17-21.) Petitioner also argues that he "would receive a lower sentence today" in light of Amendment 782 to the United States Sentencing Guidelines. (Doc. No. 1 at 7.) As relief, Petitioner requests that his sentence "be vacated for resentencing without the § 851 enhancement." (Id. at 8.) In the alternative, he requests an evidentiary hearing. (Id.) For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice.

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to § 2255 in the sentencing court, "a court already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may

3

challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (quoting United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954)). Specifically, the United States Court of Appeals for the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)). This "safety-valve" clause is to be strictly construed. See In re Dorsainvil, 119 F.3d at 251; see also Russell, 325 F. App'x at 47 (noting that the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime

later deemed to be non-criminal by an intervening change in law"). The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018) (citing Application of Galante, 437 F.2d at 1165). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (providing that prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective); Litterio, 369 F.2d at 396. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. See Application of Galante, 437 F.2d at 1165.

As the Third Circuit recognized in In re Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer considered to be criminal conduct so as to avoid a complete miscarriage of justice. See In re Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. See United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." See Adderly v. Zickefoose, 459 F. App'x 73, 2012 WL

252416, at *2 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges his sentence, claiming that under Mathis, Descamps, and Simmons, he could not have been subjected to the § 851 sentencing enhancement because his prior conviction no longer qualifies as a predicate conviction for purposes of that statute. He also asserts that if he were to be sentenced today, he would receive a lower sentence under Amendment 782 of the United States Sentencing Guidelines. Petitioner, however, has not met his burden of demonstrating that a motion under § 2255 is inadequate or ineffective to challenge the legality of his detention. Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. The Third Circuit has concluded that a § 2255 motion is not an inadequate or ineffective vehicle for raising claims based upon Mathis and Descamps. See, e.g., Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 703-04 (3d Cir. 2017) (affirming dismissal of inmate-petitioner's § 2241 petition for lack of jurisdiction because he could not resort to § 2241 to raise his claims under Mathis); Price v. Warden, FCI Fairton, 610 F. App'x 89, 90-91 (3d Cir. 2015) (rejecting inmate-petitioner's claim that Descamps rendered § 2255 inadequate or ineffective). Likewise, this Court has concluded that prisoners may not use § 2241 to raise claims seeking relief under Amendment 782 of the Sentencing Guidelines. See Valentine v. United States, No. 4:19-cv-914, 2019 WL 2764411, at *1-2 (M.D. Pa. July 2, 2019); Covington v. Ebbert, No. 3:19-cv-921, 2019 WL 2716160, at *3 (M.D. Pa. June 28, 2019). Therefore, Petitioner may not rely upon § 2241 to raise such claims. See Kenney, 391 F. App'x

at 172; Okereke, 307 F.3d at 120-21. Thus, the Court will dismiss Petitioner's § 2241 petition for lack of jurisdiction.[5]

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.

---

[5] The Court notes that in his memorandum in support of his § 2241 petition, Petitioner cites to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), in which the Fourth Circuit held that a federal inmate may, under certain circumstances, challenge the legality of his sentence in a § 2241 petition. As noted supra, however, this is not true for such claims raised in the courts within the Third Circuit. Moreover, the rules announced by the Fourth Circuit in both Wheeler and Simmons are not applicable to the district courts within the Third Circuit. See Fatiga v. Young, No. 19-1934 (NLH), 2019 WL 2574644, at *3 n.1 (D.N.J. June 24, 2019) (rejecting inmate-petitioner's argument that his § 2241 petition was cognizable pursuant to Wheeler).